UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**2017 JUN -6 AM II: 54**

CLERK

BY_____
DEPUTY CLERK

JOHN ROBERT DEMOS and THE )
SOCIETY OF T.R.U.T.H., )
)
Plaintiffs, )
)
v. )   Case No. 2:16-cv-309
)
GENERAL ELECTRIC, FANNIE MAE, )
FREDDIE MAC, INTERNATIONAL )
FINANCIAL SERVICES, MARSH & )
MCLENNAN, AMERIPRISE FINANCIAL, )
BLACKSTONE GROUP, and NAVIENT, )
)
Defendants. )

**OPINION AND ORDER ENTERING A FILING INJUNCTION**

On November 18, 2016, Plaintiffs John Robert Demos and the Society of

T.R.U.T.H. filed a motion for leave to proceed *in forma pauperis* and a proposed

Complaint. (Doc. 1.) On January 27, 2017, the court issued an Opinion and Order

denying Mr. Demos's motion for leave to proceed *in forma pauperis* and ordering him to

show cause within ninety (90) days why the court should not enter a filing injunction

against him. (Doc. 2.) No filings have been received as of the date of this Order.

District courts have the power and the obligation to protect the public and the

efficient administration of justice from individuals who have a history of litigation

entailing vexation, harassment and needless expense to [other parties] and an unnecessary

burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121,

123 (2d Cir. 2000) (internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d

19, 23 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry

out its constitutional functions against the threat of onerous, multiplicitous, and baseless

litigation.") (internal quotation marks omitted). Thus, the court may prohibit an

individual from filing new actions in the venue when he or she "abuse[s] the process of

the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981). However, the court "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

The Second Circuit has instructed district courts to consider the following factors when deciding whether to enjoin the filing of future lawsuits:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

In this case, Mr. Demos was permitted to explain to the court why a filing injunction is not appropriate and did not avail himself of the opportunity. Mr. Demos has filed several unsuccessful actions over the years, including at the Supreme Court, which concluded that he had "abused the system" and therefore required him to pay docketing fees whenever he files petitions for extraordinary writs. *In re Demos*, 500 U.S. 16, 17 (1991). This court previously warned Mr. Demos that "future frivolous filings in this District may result in an injunction and, if necessary, sanctions[,]" and that "[t]his warning remains in effect for any future filing in this [c]ourt." *Demos v. United States Sec'y of Def.*, Case No. 13-cv-21, Doc. 2 at 3 (Feb. 11, 2013) (internal quotation marks omitted). Mr. Demos's five lawsuits filed prior to this action have each been dismissed at the pleading stage.[1]

---

[1] *See Demos v. U.S. Sec'y of Def.*, Case No. 13-cv-21, Doc. 2 (D. Vt. Feb. 11, 2013) (denying motion for leave to proceed *in forma pauperis* and dismissing case); *Demos v. Vermont*, Case No. 10-cv-88, Doc. 5 (D. Vt. July 6, 2010) (adopting Report and Recommendation, denying petition for writ of habeas corpus, and dismissing case for lack of jurisdiction); *Demos v. United*

In view of the foregoing, the court sees no alternative but to bar Mr. Demos from filing any new actions without first obtaining leave from the court. Accordingly, if Mr. Demos wishes to commence an action in this court in the future, he must file with his proposed complaint a motion for leave to file. The motion will be reviewed by the court, and if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass, or otherwise barred, leave to file will be denied.

For the reasons set forth above, Mr. Demos is hereby ENJOINED from filing any new actions in this court without obtaining prior leave from the court.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of June, 2017.

Christina Reiss, Chief Judge
United States District Court

States, Case No. 8-cv-167, Doc. 4 (D. Vt. Sept. 11, 2008) (adopting Report and Recommendation, denying motion for leave to proceed in forma pauperis, and dismissing case); Demos v. U.S. Sec'y of State, Case No. 4-cv-293, Doc. 3 (D. Vt. Nov. 18, 2004) (adopting Report and Recommendation and denying motion for leave to proceed in forma pauperis); Demos v. U.S. Attorney Gen., Case No. 1-cv-157, Doc. 3 (D. Vt. Nov. 16, 2001) (denying motion for leave to proceed in forma pauperis)